AF Approval     Chief Approval

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 5:24-cr-42-TPB-PRL

ALEXANDRIA STEVENS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Alexandria Stevens, and the attorney for the defendant, Bjorn E. Brunvand, mutually agree as follows:

**A.** **Particularized Terms**

1.    Counts Pleading To

The defendant shall enter a plea of guilty to Counts One, Two, and Five of the Indictment. Count One charges the defendant with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) and 2. Count Two charges the defendant with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). Count Five charges the defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 15 years up to 30 years, a fine of not more than $250,000, a term of supervised release of at least 5 years, up to life, and a special assessment of $100 per

Defendant's Initials AES

felony count. Counts Two and Three are each punishable by a mandatory minimum term of imprisonment of 5 years up to 20 years, a fine of not more than $250,000, a term of supervised release of at least 5 years, up to life, and a special assessment of $100 per felony count. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.     Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:     An actual minor, that is, a real person who was less than 18 years old, was depicted;

Second:     The Defendant used, persuaded, included, entice, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Defendant's Initials           2

|          | Third: | either (a) the Defendant knew or had reason to know that the visual depiction would be transported in interstate commerce; (b) the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (c) the visual depiction was actually transported in interstate commerce. |

The elements of Counts Two and Five are:

| | First: | The Defendant knowingly received or distributed items of child pornography; |
| | Second: | The items of child pornography had been transported, shipped, or mailed in interstate or foreign commerce, including by computer; and |
| | Third: | When the Defendant received or distributed the items, the Defendant believed the items were or contained child pornography. |

4. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5. **Mandatory Restitution to Victim of Offense of Conviction**

Pursuant to 18 U.S.C. § 2259, defendant agrees to make full restitution to O.S. and J.S.

Defendant's Initials       3

6. Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely

Defendant's Initials _AES_          4

with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: an Iphone RX cellular telephone and Samsung cellular telephone seized on March 14, 2024, which assets were used by the defendants during the commission of the offenses.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture

Defendant's Initials _AES_     5

of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or

Defendant's Initials _AES_       6

indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

9. <u>Sex Offender Registration and Notification</u>

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he *she* must update his *her* registrations not later than three business days after any change of name, residence,

Defendant's Initials A̲E̲S̲         8

employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.    Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

Defendant's Initials AES                    9

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office

within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared

Defendant's Initials _ARS_       11

by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.  Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises

Defendant's Initials AES          12

its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.   <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.   <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete

Defendant's Initials _AES_     13

satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.  <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials A̶E̶S̶            14

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 10th day of January 2025.

ROGER B. HANDBERG
United States Attorney

_____
Alexandria Stevens
Defendant

_____
Sarah Janette Swartzberg
Assistant United States Attorney

_____
Bjorn E. Brunvand
Attorney for Defendant

_____
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:24-cr-42-TPB-PRL

ALEXANDRIA STEVENS

PERSONALIZATION OF ELEMENTS

**Count One**

Do you admit that on or about November 24, 2023, in the Middle District of Florida, you used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct? **Yes**

Do you admit that the minor is an actual minor, that is, a person who was less than 18 years old? **Yes**

Do you acknowledge that the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer? Specifically, the visual depiction was produced using a cellular telephone that was manufactured outside of the United States? **Yes**

**Count Two**  STS RP AES 2/25/25

Do you admit that on or about November 24, 2023 2024, in the Middle District of Florida, you knowingly distributed an item of child pornography? **Yes**

Defendant's Initials **AES**    16

Do you admit that the item of child pornography had been transported in and affecting interstate commerce, specifically that you had distributed the child pornography through the internet? yes

Do you admit that at the time you distributed the item of child pornography that you believed it contained child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct? yes

**Count Five**

Do you admit that on or about November 26, 2024, in the Middle District of Florida, you knowingly received an item of child pornography? yes

Do you admit that the item of child pornography had been transported in and affecting interstate commerce, specifically that you had received the child pornography through the internet? yes

Do you admit that at the time you received the item of child pornography that you believed it contained child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct? yes

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 5:24-cr-42-TPB-PRL

ALEXANDRIA STEVENS

## FACTUAL BASIS

### Background of the Investigation

On March 13, 2024, the New Jersey Burlington County Prosecutor's Office

was provided with CyberTipline Report Nos. 189307505, 189307562, 189307727,

189307619, 189307535, 189307585 from the New Jersey State Police Internet Crimes

Against Children Unit, who initially received the CyberTipline Report from the

National Center for Missing and Exploited Children (NCMEC). NCMEC is a

national clearinghouse that gathers information about missing and sexually exploited

children for law enforcement use. After receiving a CyberTipline Report, NCMEC

disseminates the information to the appropriate law enforcement agency based on

the geolocation of the reported IP address.

According to the NCMEC report, on March 9, 2024, at 21:16:12 UTC and at

21:22:21 UTC, Sony Interactive Entertainment became aware of six image files of

possible child sexual abuse material (CSAM) distributed through the Sony

Interactive Entertainment account "T K Y O," associated with username "Gouji"

and email address "soka300k@gmail.com."[1] The IP address captured and provided was 10.242.140.66. One of the image files is described below:

**File Name: csfile_1710173214907.jpg**

This image file depicts a pre-pubescent female lying on her back with her ankles crossed and legs splayed open. The pre-pubescent female is wearing peach-colored panties, which are pulled down, and she is also wearing a white shirt. The pre-pubescent female is holding a phone in her hand and appears to be looking at something on the phone. The pre-pubescent female is lying on what appears to be a mattress with no sheets on it. The pre-pubescent female's vagina is clearly visible and is the focal point of the image. There is no visible body hair or pubic hair and there is little to no breast development.

On March 14, 2024, New Jersey Burlington County Prosecutor's Office Detective Sergeant Sobotka sent an emergency subpoena to Sony Interactive Entertainment LLC to request records associated with Sony Interactive Entertainment User "Gouji" with email address "soka300k@gmail.com." Sony Interactive Entertainment LLC responded to the subpoena request and provided an Excel spreadsheet of IP login data and the following subscriber information for Sony Interactive Entertainment User "Gouji" with email address soka300k@gmail.com.

The account belonged to Michael E. Taylor Jr. (Taylor), with an address on Triangle Lane., Wilmington, New Jersey. The telephone number associated with the account was ***-***-9484.

On March 14, 2024, Detective Sergeant Sobotka sent an emergency subpoena to Comcast Communications to request the subscriber information for IP Address

---

[1] The six files were reviewed by an employee of Sony Interactive Entertainment.

73.197.133.78 on March 10, 2024, at 23:18:53 PDT. This IP address was previously identified by subpoena return from Sony Interactive Entertainment as being associated with the account responsible for the upload of the six files of CSAM on March 9, 2024.

On March 14, 2024, Comcast Communications responded to the subpoena request and provided the following subscriber information:

Name:     S. Taylor
Address:  XX Triangle Lane
          Willingboro, NJ 08046

A search of the Department of Motor Vehicle's Records showed that Michael Eugene Taylor Jr., born in 1997, has a listed address on Triangle Lane, Willingboro, New Jersey.

### Execution of Search Warrant

Based on this information, the Burlington County Prosecutor's Office sought and received a search warrant for the residence located on Triangle Ln., Wilmington, New Jersey. On March 14, 2024, law enforcement in New Jersey executed a search warrant at this residence.

Michael Taylor, Jr. (Taylor), Alexandria Stevens (Stevens), M.T.S. and S.T. were all present at the time of the search warrant. On-scene previews of media devices were performed during the search. On Taylor's phone, a Samsung[2] cellular telephone, investigators located screenshots showing Stevens performing oral sex on

---

[2] Samsung cellular telephones are manufactured outside the United States. It has therefore affected commerce.

Defendant's Initials           20

a child. Stevens and Taylor both admitted that these images did portray Stevens performing oral sex on a child. Taylor admitted to being the person who recorded this event. Stevens further provided that the child in the video was an 8-year-old child (hereinafter referred to as CV1). Taylor and Stevens both admitted that they produced this video while visiting Stevens's family in Florida over the Thanksgiving holiday in November 2023. On an iPhone XR[3] that was located in Stevens's and Taylor's bedroom, investigators found a 20-second video of Stevens performing oral sex on CV1. Taylor can be heard in the video directing Stevens to pull her hair back so that CV1's vagina is visible in the video. This is Stevens's phone – the telephone number associated with the phone is the same number that Stevens provided during her interview.

### Interview of CV1 and her parents

On March 19, 2024, Federal Bureau of Investigation (FBI) Task Force Officer Jennifer Wing and Special Agent Rod Hyre interviewed the parents of CV1. Both parents were shown still images of the face of the child which were taken from the video of the child having oral sex performed on her by an adult. Both parents affirmed that the child's picture they were shown was their 8-year-old daughter (CV1). The parents also affirmed that the background was a bedroom located inside their residence in Lady Lake, Lake County, Florida, which is in the Middle District of Florida. According to CV1's parents, Stevens and Taylor arrived four days prior

---

[3] iPhone XR cellular telephones are manufactured outside of the United States. It has therefore affected commerce.

to Thanksgiving and stayed for two weeks, placing their visit from approximately November 20, 2023, to December 4, 2023.

On March 19, 2024, CV1 was interviewed by an FBI Child and Adolescent Forensic Interviewer (CAFI). CV1 disclosed that Stevens performed oral sex on her, while at CV1's home on at least four separate occasions during the time of Stevens's Thanksgiving visit in November 2023. CV1 also said that when she was 7 years of age, Stevens would Facetime with CV1 and have CV1 touch her vagina with her fingers while Stevens would watch and tell CV1 what to do. CV1 stated that Taylor was responsible for Stevens performing oral sex on CV1, and that Taylor beats Stevens. CV1 also relayed that Stevens told CV1 to never tell the police about what had happened, or Stevens would get in trouble.

### Snapchat Communications between Taylor and Stevens

Stevens's cell phone also contains Snapchat communication between Taylor (username "phillyloud215") and Stevens (username "mikeswifeyyy"). Snapchat is a social medial application that operates using the internet. Between June 23, 2023, and August 5, 2023, 19 images and 3 videos of child sex abuse material of CV1 were sent by Taylor to Stevens. On August 5, 2023, Stevens's sent the following messages to Taylor:

**MIKESWIFEYYY**                                    8/5/2023 2:51:03 AM

| The collection keep it until we get more save all the pics and videos in here

                                                    ↗ Sent
**MIKESWIFEYYY**                                    8/5/2023 2:51:17 AM

| Don't delete it out your gallery

On August 5, 2023, Stevens took part in a video call with CV1, which was recorded. While on the video call with CV1, Stevens and Taylor are seen engaged in sexual intercourse with one another as CV1 watches. Stevens also transmitted five images of CSAM of CV1, which appear to be screenshots taken during a video call on Stevens's cell phone.

On August 9, 2023, the following conversation occurred between Taylor and Stevens:



PHILLYLOUD215
8/9/2023 7:37:12 PM
Keep only o█████ pussy in here tho

MIKESWIFEYYY
↗Sent
8/9/2023 7:37:17 PM
Ok

PHILLYLOUD215
↙Received
8/9/2023 7:40:10 PM
We gonna get more n more as she get older like 19 and watch her age progress

MIKESWIFEYYY
↗Sent
8/9/2023 7:40:19 PM
Ok love you babe

PHILLYLOUD215
↙Received
8/9/2023 7:40:24 PM
Love u mama

On October 27, 2023, Taylor transmitted multiple images and videos containing CV1 that appear to be images or excerpts from a live video chat. One video depicts CV1 rubbing her vagina with her fingers and one image depicts CV1 inserting her ring finger into her vagina while Stevens displays her vagina and watches CV1 on the inset during a video chat. The image appears to have been taken in Stevens's and Taylor's residence in New Jersey. An excerpt of the messages between Taylor and Stevens are seen below:



**MIKESWIFEYYY**

↗ Sent
10/27/2023 11:30:05 AM

Her Coochie is fat

**PHILLYLOUD215**

✓ Received
10/27/2023 11:30:20 AM

Both yall coochies fat

**MIKESWIFEYYY**

↗ Sent
10/27/2023 11:30:28 AM

Fr lol

**MIKESWIFEYYY**

↗ Sent
10/27/2023 11:42:01 AM

Her booty fat

**PHILLYLOUD215**

✓ Received
10/27/2023 11:42:01 AM

Sexy

The below messages were sent after the image of CV1 inserting a finger into her vagina was sent:

**PHILLYLOUD215**

✓ Received
10/27/2023 11:43:55 AM

Playing in her funky

**MIKESWIFEYYY**

↗ Sent
10/27/2023 11:44:05 AM

lol

Defendant's Initials _AES_                25

**MIKESWIFEYYY**

U be screenshotting at the perfect times 🤭

**PHILLYLOUD215**

Mmm coochie

**PHILLYLOUD215**

Lick it lexi

**MIKESWIFEYYY**

Ok

**MIKESWIFEYYY**

Licks

**MIKESWIFEYYY**

Mmm^

**PHILLYLOUD215**

Wish I could see u eating her pussy in the bed

**MIKESWIFEYYY**

Me too

Defendant's Initials _AES_            26

**MIKESWIFEYYY**

Child coochie

**PHILLYLOUD215**

Sexy funk just like her

**MIKESWIFEYYY**

Yesss

**PHILLYLOUD215**

Mmm funk cheesecake pussy

**MIKESWIFEYYY**

Funky faces

**PHILLYLOUD215**

And sniffing and rubbing it

**PHILLYLOUD215**

I wish she was here with us as she get older

Defendant's Initials _AES_      27

**PHILLYLOUD215**

✓ Received

10/27/2023 12:05:17 PM

Mmm rubb yall sexy juicy funky cheesecake pussys

**MIKESWIFEYYY**

↗ Sent

10/27/2023 12:05:28 PM

Mmmm that's so hot

**PHILLYLOUD215**

10/27/2023 12:08:28 PM

Rubbing her funky cheesecake pussy next to her little ▮▮▮▮

**MIKESWIFEYYY**

↗ Sent

10/27/2023 12:08:55 PM

Funky

**PHILLYLOUD215**

✓ Received

10/27/2023 12:07:35 PM

Yall fucking sexy 🐵

**PHILLYLOUD215**

✓ Received

10/27/2023 12:07:45 PM

I wanna see yall kiss lick and hump

**MIKESWIFEYYY**

↗ Sent

10/27/2023 12:08:10 PM

I wish🐵 we gotta get her here

Defendant's Initials *AES*          28

**PHILLYLOUD215**

I want more pussy rubbing videos from ▮▮▮

**PHILLYLOUD215**

We need more every year as she get older

**PHILLYLOUD215**

Well do it cause I'm trying see more this funky shit 😅

**MIKESWIFEYYY**

Lmao

**MIKESWIFEYYY**

I'll do it when I can

Defendant's Initials _AES_            29

On October 29, 2023, multiple images of CV1 nude were sent from Taylor to Stevens. The following is an excerpt of their chat:



On October 30, 2023, three images of CV1 nude and in various poses were sent from Taylor to Stevens. In one image, Stevens's vagina can be seen in the inset of the image. In one image, Stevens's face can be seen in the inset of the image.

On November 19, 2023, two nude images of CV1 were transmitted by Taylor to Stevens. In the first image, Stevens's vagina can be seen in the inset.

On November 23, 2023, messages between Taylor and Stevens were sent. At this time, Taylor and Stevens were in Lady Lake, Florida during the Thanksgiving trip visiting CV1 in person. An excerpt of the messages is below:

**PHILLYLOUD215**
✓ Received
11/23/2023 8:28:04 PM

Remember to say my coochie stinks with her and kiss on the lips

**PHILLYLOUD215**
✓ Received
11/24/2023 10:38:38 AM

Do another video when he leave with that blue eye liner filter and stick your tounge out with ▮ and make your tongues tongue and then kiss her and make a cute face at the end

**PHILLYLOUD215**
✓ Received
11/24/2023 3:07:11 PM

Matter fact ima record it next time and ima tell u what to do

On November 24, 2023, while in Lady Lake, Florida, Taylor transmitted four videos of child sex abuse material of CV1 to Stevens.[4]

> The first video is five seconds in duration and depicts CV1 lying on her back, wearing a black and white horizontally striped shirt and no pants, with her legs spread as Stevens grabs her right leg and moves it to make CV1 spread her legs wider.
>
> The second video is eleven seconds in duration and depicts CV1 lying on her back on a bed wearing only a black and white horizontally striped shirt. At approximately 0:01, a female voice, believed to be Stevens, can be heard saying "rub it," at which point CV1 takes her right hand and

---

[4] This conduct forms the basis for production of child pornography, as charged in Count One. These videos were produced using Taylor's Samsung cellular telephone.



rubs her vagina; CV1 then switches to using her left hand and then the video file ends.

The third video is approximately 15 seconds in duration and depicts CV1 wearing only a black and white horizontally striped shirt. CV1 is depicted on her knees and elbows in a bent over position on the bed. A female voice, believed to be Stevens, can be heard saying "keep going, bend over, higher, like that, twerk," and CV1 is seen obeying those commands.

The fourth video is approximately 26 seconds in duration and depicts CV1 lying on her back on a mattress with her legs up in the air. CV1 is wearing only a black and white horizontally striped shirt. At approximately 0:04 seconds, Stevens leans into view of the camera and begins to perform oral sex on CV1. At approximately 0:09 seconds, a male voice (Taylor) says, "babe move your hair." When that is said, a black male arm reaches in and moves Stevens's hair. The adult male then says, "alright, go," at which point Stevens leans back in and resumes performing oral sex on CV1.

After the videos were sent, Taylor and Stevens continued communicating via

Snapchat. An excerpt of the conversation is below:



| | |
|---|---|
| **PHILLYLOUD215** | ✓ Received |
| | 11/24/2023 5:34:08 PM |
| Keep everything in your memories | |

| | |
|---|---|
| **PHILLYLOUD215** | ✓ Received |
| | 11/24/2023 5:34:09 PM |
| Never ever delete that | |

| | |
|---|---|
| **MIKESWIFEYYY** | ↗ Sent |
| | 11/24/2023 5:34:17 PM |
| Ok | |

| | |
|---|---|
| **PHILLYLOUD215** | ✓ Received |
| | 11/24/2023 5:34:24 PM |
| Love you | |

| | |
|---|---|
| **MIKESWIFEYYY** | ↗ Sent |
| | 11/24/2023 5:34:34 PM |
| Love u to | |

On November 24, 2023, Stevens sends a picture via snapchat of CV1 laying down with her legs spread and pulling her underwear to the side to expose her vagina to Taylor. Taylor responds "mmm yummy."[5]

On November 25, 2023, Taylor transmitted an image of child sex abuse material of CV1 to Stevens. CV1 is wearing only pink/purple shirt and Stevens is performing oral sex on her.

---

[5] This conduct forms the basis for Stevens's distribution of child pornography, as charged in Count Two. Based on the Snapchat communications contained within Stevens iPhone XR and the agent's review of the cell phone extraction, Stevens used her cellular telephone to distribute this child pornography as charged in Count Two.

On November 26, 2023, Taylor sends an image of CVI via snapchat to Stevens. In the image, CVI is naked and face down on a mattress on her hands and knees with her buttocks raised and vagina clearly visible. Taylor then says, "yummy sister coochies."[6] The following conversation takes place:



Special Agent Hyre has identified over 100 images and videos of child sex abuse material involving CV1. Further, SA Hyre has identified a smaller amount involving a second minor victim, CV2.

---

[6] This conduct forms the basis for Stevens's receipt of child pornography, as charged in Count Five. Based on the Snapchat communications contained within Stevens iPhone XR and the agent's review of the cell phone extraction, Stevens used this cellular telephone to receive this child pornography as charged in Count Five.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.